**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DEWAYNE FITZGERALD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:24-CV-190 (CAR)** |
| | : | |
| **STATE COURT OF BIBB COUNTY, Judge SHARELL F. LEWIS, Sheriff DAVID DAVIS, Deputy TRAVIS CARLISLE, District Attorney ANITA R. HOWARD, Assistant Solicitor General BRITTANY M. WOOLFOLK, and Assistant Solicitor General CHRISTOPHER PITTS,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is *pro se* Plaintiff Dewayne Renard Fitzgerald's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's Affidavit, it appears he is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 3] is **GRANTED**. If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **he must file a recast Complaint** within 21 days, which will supersede his original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of poverty. Plaintiff states he receives no income,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

has no assets, and is homeless.[5] Thus, Plaintiff qualifies as a pauper under § 1915, and his Motion [Doc. 3] is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] But, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[10] A claim is plausible where the plaintiff alleges

[5] Plaintiff's Motion to Proceed IFP [Doc. 3 at 1–2].

[6] 28 U.S.C. § 1915(e)(2)(b).

[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[9] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[10] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[12]

The Court construes Plaintiff's Complaint to bring claims pursuant to 28 U.S.C. § 1983 for violations of the Due Process Clause, Equal Protection Clause, Bill of Attainder Clause, Separation of Powers Clause, false arrest, malicious prosecution, conspiracy, and state law claims for assault and battery.

Plaintiff's Complaint is scant on facts but includes a variety of legal violations allegedly committed by Defendants Judge Sharell Lewis, Sheriff David Davis, Deputy Travis Carlisle, District Attorney Anita Howard, and Assistant Solicitors General Brittany Howard and Christopher Pitts. Plaintiff's allegations stem from his arrest while "traveling" on December 8, 2023, around 9:30 p.m.[13] Plaintiff was stopped and pulled over at a gas station after making a complete stop.[14]

Plaintiff alleges Defendant Carlisle "did not have probable cause or jurisdiction to arrest [Plaintiff], as the arrest did not give him jurisdiction and the citations were not sufficient;" Defendant Carlisle "tampered with evidence by taking citations from the Bibb

---

[11] *Ashcroft*, 556 U.S. at 663.
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[13] Doc. 1 at 4.
[14] Doc. 1 at 4.

County Sheriff's Detention Center while it was sealed;" and he racially profiled Plaintiff "based on Moorish American Automobile Tags."[15] Plaintiff alleges Defendant Carlisle arrested him for "Grand Theft Auto" and gave a "false account of the location of the automobile."[16]

Plaintiff further alleges the "courts are rushing to judgment in order to hide and protect their scheme and defraud [Plaintiff's] estate" and that only District Attorney Howard can bring charges, not the Assistant Solicitors General. Plaintiff contends Defendants have a "cash money scheme" they are conspiring to protect, and they are further conspiring to hide the fact that Judge Lewis does not have jurisdiction because there is a "defective charging instrument."[17] Plaintiff alleges Judge Lewis violated the exclusionary rule and showed bias toward Defendant Woolfolk "by not allowing [Plaintiff] any rebuttal to be presented."[18] Finally, Plaintiff alleges officers of the State Court conspired to abuse his rights by "giving misleading court dates" and then placing him under contempt for not appearing.[19]

Plaintiff seeks $75,000 for property damage to his vehicle and $20,000,000 in damages for the battery, physical abuse, anxiety, and discrimination he alleges he

---

[15] Doc. 1 at 5; Doc. 2 at 3.
[16] Doc. 2 at 3.
[17] Doc. 1 at 4.
[18] Doc. 2 at 4.
[19] Doc. 2 at 5.

suffered. Plaintiff also requests all Defendants be fired and lose their pensions, Defendants Lewis and Howard and all employees of the Solicitor General's Office be disbarred, and Defendant Davis be removed from office and "never be able to work in law enforcement ever again."[20]

As is its duty, this Court has scrutinized Plaintiff's Complaint and has liberally construed all of Plaintiff's assertions.[21] As explained below, Plaintiff's Complaint fails to state any claim for relief.

1. Immunities

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"[22] "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."[23] "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the

---

[20] Doc. 1 at 6. The Court has no authority to have Defendants fired, removed from office, disbarred, or lose their pensions.

[21] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[22] *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

[23] *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

confrontation arose immediately out of a visit to the judge in his judicial capacity."[24] Based on Plaintiff's allegations, Judge Lewis is entitled to absolute judicial immunity because her acts were done while acting in her judicial capacity. Thus, Plaintiff's claims against Judge Lewis will be dismissed as frivolous unless Plaintiff recasts his Complaint to plausibly allege Judge Lewis was acting outside of her judicial capacity.

"[P]rosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution."[25] "A prosecutor is absolutely immune from suit for malicious prosecution."[26] "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."[27] "[T]he prosecutor has only qualified immunity when performing a function that is not associated with his role as an advocate for the state."[28] Based on Plaintiff's allegations, District Attorney Howard, Assistant Solicitor General Woolfolk, and Assistant Solicitor General Pitts are entitled to absolute prosecutorial immunity because their actions appear to stem from their role as an advocate for the state. Thus, Plaintiff's claims against District Attorney Howard, Assistant Solicitor General Woolfolk, and Assistant Solicitor General Pitts will be

---

[24] *Anderson v. Fulton County Government*, 485 F. App'x 394, 395 (11th Cir. 2012) (quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)).
[25] *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citation omitted).
[26] *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citation omitted).
[27] *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citation omitted).
[28] *Jones v. Cannon*, 174 F.3d 1271, 1281–82 (11th Cir. 1999) (citation omitted).

dismissed unless Plaintiff recasts his Complaint to plausibly allege Howard, Woolfolk, and Pitts were acting outside their function as an advocate for the state.

"The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. The amendment applies even when a state is not named as a party of record, if for all practical purposes the action is against the state. Thus, the Eleventh Amendment extends to state agencies and other arms of the state."[29] "The Eleventh Amendment prohibits actions against state courts and state bars."[30] Thus, Plaintiff's claims against the State Court of Bibb County are dismissed. Even if Eleventh Amendment immunity did not apply, the State Court of Bibb County is not a "person" subject to suit under § 1983.[31]

2. *<u>Younger v. Harris</u>*

Even if Plaintiff's allegations sufficiently stated claims upon which relief may be granted, Plaintiff's claims may not proceed if his state court criminal case is ongoing. There is "a strong federal policy against federal-court interference with pending state

---

[29] *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (quoting *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990)).

[30] *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (citations omitted); *Stegeman v. Georgia*, 290 F. App'x 320, 322 (11th Cir. 2008).

[31] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Burriss v. U.S. Supreme Court*, No. CV423-180, 2023 WL 4768291, at *2 (S.D. Ga. July 26, 2023); *Clark v. Georgia*, No. 1:21-CV-3396, 2021 WL 8084671, at *3 (N.D. Ga. Nov. 8, 2021).

judicial proceedings absent extraordinary circumstances."[32] The Supreme Court requires a court to "abstain under *Younger* if: (1) state judicial proceedings are ongoing and the relief sought by the plaintiff would interfere with the state proceeding; (2) the federal proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal challenges in the state proceedings."[33] "The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required."[34]

If Plaintiff's state court criminal proceeding is ongoing, as it appears to be from the Complaint, *Younger* requires this Court to stay Plaintiff's "claims for monetary relief that cannot be redressed in the state proceeding" and dismiss his claims for injunctive relief.[35] Granting Plaintiff the relief sought would indirectly interfere with the state court proceeding by making factual determinations about the substance of his criminal prosecution.

---

[32] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Younger v. Harris*, 401 U.S. 37, 41 (1971).

[33] *Carter v. Dep't of Child. & Fams.*, No. 21-13128, 2022 WL 2921310, at *2 (11th Cir. July 6, 2022) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1275–76 (11th Cir. 2003)).

[34] *31 Foster Children*, 329 F.3d at 1276.

[35] *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *see Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015) (citation omitted).

3. Due Process Claims

Plaintiff appears to contend Officer Carlisle infringed on his right to travel and fabricated evidence, which invokes the Due Process Clause of the Fourteenth Amendment. "The Due Process Clause provides two different kinds of constitutional protections: procedural due process and substantive due process."[36] "A procedural due process violation requires '(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."[37] No procedural due process claim exists where "an adequate post-deprivation process is in place under state law."[38] Substantive due process "protects fundamental rights that are so 'implicit in the concept of ordered liberty' that 'neither liberty nor justice would exist if they are sacrificed.'"[39]

a. *Liberty to Travel*

Plaintiff alleges a violation of his "Constitutional Rights related to liberty to travel, as protected under the Fifth Amendment."[40] But the Fifth Amendment protects a citizen's rights against infringement from the federal government; the Fourteenth Amendment protects a citizen's rights against infringement from state governments. Thus, the Court

---

[36] *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013) (citation omitted).
[37] *Bey v. Gee*, No. 8:15-cv-545-T-23EAJ, 2015 WL 4751631, at *5 (M.D. Fla. Aug. 11, 2015) (quoting *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011)).
[38] *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1239 (11th Cir. 2003).
[39] *Doe v. Moore*, 410 F.3d 1337, 1342 (11th Cir. 2005) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)).
[40] Doc. 2 at 3.

construes Plaintiff's claim as a violation of the Fourteenth Amendment's Due Process Clause.[41]

The Supreme Court has held "the right to travel protects a person's right to enter and leave another state, the right to be treated fairly when temporarily present in another state, and the right to be treated the same as other citizens of that when moving there permanently."[42] "[M]ere burdens on a person's ability to travel from state to state are not necessarily a violation of their right to travel."[43] "In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations for public safety and order in respect to the operation upon its highways of all motor vehicles."[44]

Plaintiff's allegations fail to state a claim under the Due Process Clause of the Fourteenth Amendment. To pursue this claim, Plaintiff must amend his Complaint to plausibly suggest his Fourteenth Amendment rights were violated.

b. *Evidence Fabrication*

Plaintiff's allegations raise a claim for fabrication of incriminating evidence.[45] To state a § 1983 claim for fabrication of incriminating evidence in violation of his due

---

[41] *Buxton v. City of Plant City*, 871 F.2d 1037, 1041 (1989).

[42] *Doe v. Moore*, 410 F.3d 1337, 1348 (11th Cir. 2005) (quoting *Saenz v. Roe*, 526 U.S. 489, 500 (1999)).

[43] *Doe v. Moore*, 410 F.3d 1337, 1348 (11th Cir. 2005) (quoting *Saenz v. Roe*, 526 U.S. 489, 499 (1999)).

[44] *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915).

[45] Plaintiff asserts Deputy Carlisle violated O.C.G.A. § 16-10-94(a) by "removing citations from evidence and personal property from the Macon Bibb County Detention Center." Doc. 2 at 3. As a private citizen, Plaintiff does not have standing to assert a claim against Defendants pursuant to a criminal statute. *See Roberts v. Georgia*, 280 Ga. App. 672, 674 (2006); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987); *Harrison v. Blackledge*, No. 1:19-CV-1811-MHC, 2019 WL 13212716, at *8 (N.D. Ga. Dec. 20, 2019).

process right to a fair trial,[46] Plaintiff must show that the criminal charges brought against him, and the resulting deprivations of liberty, were caused by the Defendants' "malfeasance in fabricating evidence."[47] The person falsifying or inducing the falsification of evidence must be "a member of the prosecution team," like a law enforcement officer.[48]

But a plaintiff cannot bring a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution."[49] To establish favorable termination, Plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[50]

Although Plaintiff alleges Defendant Carlisle "tampered with evidence by taking citations from the Bibb County Sheriff's Detention Center while it was sealed" and gave "a false account of the location of the automobile,"[51] it is unclear what Plaintiff is charged with and how Carlisle's acts caused his criminal charge to be brought. Nor has Plaintiff

---

[46] *Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997) (citing *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977)); *Jones v. Cannon*, 174 F.3d 1271, 1289–91 (11th Cir. 1999) (citing *Napue v. Illinois*, 360 U.S. 264, 268–70 (1959)).

[47] *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019).

[48] *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977).

[49] *McDonough*, 139 S. Ct. at 2156.

[50] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

[51] Doc. 1 at 5; Doc. 2 at 3.

established that the criminal prosecution has terminated in his favor. Thus, Plaintiff must recast his evidence fabrication claim for it to proceed.

4. Equal Protection Claim

Plaintiff's allegations of racial profiling based on his "Moorish American Automobile Tags"[52] raise a claim for selective enforcement under the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race."[53] To prevail on a selective enforcement claim, Plaintiff must show "(1) that [he] [was] treated differently from other similarly situated individuals, and (2) that Defendant unequally applied a facially neutral ordinance for the purpose of discriminating against [him]."[54]

Plaintiff's allegations are conclusory and insufficient to state a claim because he does not allege individuals of a different race have been treated differently. Thus, Plaintiff must recast his equal protection claim for it to proceed.

5. Bill of Attainder Clause

Plaintiff alleges a violation of the Bill of Attainder Clause of the United States Constitution.[55] "A bill of attainder is 'a law that legislatively determines guilt and inflicts

---

[52] Doc. 2 at 3.

[53] *Whren v. United States*, 517 U.S. 806, 813 (1996).

[54] *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006) (citation omitted).

[55] Art. I § 9 c. 3.

punishment upon an identifiable individual without provision of the protections of a judicial trial.'"[56] Plaintiff fails to identify any law that has legislatively determined his guilt and inflicted punishment on him without the protections of a trial. Thus, this claim will be dismissed unless Plaintiff can recast it to plausibly allege a violation of the Bill of Attainder Clause.

6. Separation of Powers Clause

Plaintiff alleges Defendants violated the Separation of Powers Clause, stating Judge Lewis has "taken the place of" Defendant Howard, Defendant Woolfolk "has taken the place of" Defendant Carlisle, and Judge Lewis "can not be a Legislative Law Judge and an Administrative Law Judge, as an Article 4 Judge an Article 4 Court at the same time."[57] These allegations are nonsensical, frivolous, and state no claim for relief. Thus, they are **DISMISSED.**

7. False Arrest and Malicious Prosecution Claims

To state a claim for malicious prosecution, a plaintiff must prove two elements: "(1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in

[56] *Houston v. Williams*, 547 F.3d 1357, 1364 (11th Cir. 2008) (citing *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)).
[57] Doc. 2 at 5.

his favor."[58] "Under Eleventh Circuit precedent, the issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to a warrant is making a claim of malicious prosecution rather than false arrest."[59]

A false arrest claim "requires the plaintiff to show the absence of probable cause at the time of the arrest."[60] "In the false arrest context, [the court] ask[s] whether the totality of the circumstances known to the arresting officer at the time of the seizure provided probable cause to suspect the plaintiff of a crime."[61] "[A]ll that matters is whether an objectively reasonable officer could have made the same seizure under the same circumstances."[62] "The 'existence of probable cause at the time of arrest constitutes an absolute bar to a section 1983 action for false arrest.'"[63]

Plaintiff alleges he was arrested without a warrant. Thus, the Court construes his claim as one for false arrest, but Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted. Plaintiff alleges he was stopped and pulled over and arrested for "Grand Theft Auto," and that Deputy Carlisle "gave a false account of the

---

[58] *Luke v. Gulley*, 50 F.4th 90, 95 (11th Cir. 2022) (quoting *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020)).
[59] *Giles v. Manser*, 757 F. App'x 891, 895 (11th Cir. 2018).
[60] *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) (citing *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010)).
[61] *Sylvester v. Fulton County Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024) (citation omitted).
[62] *Sylvester v. Fulton County Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024) (citation omitted).
[63] *Rushing v. Parker*, 599 F.3d 1263, 1265 (11th Cir. 2010) (quoting *Case v. Eslinger*, 555 F.3d 1317, 1326–27 (11th Cir. 2009)).

location of the automobile" and wrote a false police report.[64] Because it is unclear under which law Plaintiff was arrested, the Court cannot determine the probable cause necessary to justify the arrest. Thus, for his false arrest claim to proceed, Plaintiff must recast his Complaint to allege sufficient facts to show the absence of probable cause at the time of his arrest.

8. Conspiracy

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right."[65] "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy."[66]

Plaintiff alleges Defendants are conspiring to defraud him and place him under contempt of court. Plaintiff has failed to allege any facts sufficient to show he has been denied a constitutional right or that Defendants "reached an understanding" to do so,

---

64 Doc. 2 at 3.

65 *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (citation omitted).

66 *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)).

both of which are required to state a claim upon which relief may be granted. Thus, Plaintiff must recast this claim if he wishes for it to proceed.

9. Assault and Battery

Plaintiff also raises claims for assault and battery under Georgia law. "A physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law."[67] "Any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."[68] Plaintiff makes conclusory allegations he suffered physical abuse and was assaulted and battered, but does not clarify who assaulted him, when he was assaulted, or what the circumstances were. Thus, Plaintiff's claims for assault and battery fail to state a claim and must be recast if he wishes for them to proceed.

**CONCLUSION**

Plaintiff's Motion to Proceed IFP [Doc. 3] is **GRANTED**, but the allegations in his Complaint fail to state a claim. If Plaintiff wishes to proceed with the action, he **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. This recast Complaint **MUST** be filed in accordance with the directives contained in this

[67] O.C.G.A. § 51-1-13.
[68] O.C.G.A. § 51-1-14.

Order. If Plaintiff fails to respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 19th day of August, 2024.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT