IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEWAYNE FITZGERALD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:24-CV-190 (CAR) |
| | : | |
| STATE COURT OF BIBB COUNTY, | : | |
| Judge SHARELL F. LEWIS, Sheriff | : | |
| DAVID DAVIS, Deputy TRAVIS | : | |
| CARLISLE, District Attorney ANITA | : | |
| R. HOWARD, Assistant Solicitor | : | |
| General BRITTANY M. WOOLFOLK, | : | |
| and Assistant Solicitor General | : | |
| CHRISTOPHER PITTS, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER DISMISSING RECAST COMPLAINT**

Currently before the Court is *pro se* Plaintiff Dewayne Renard Fitzgerald's Recast

Complaint. Having reviewed the Recast Complaint pursuant to 28 U.S.C. § 1915(e), the

Court finds it is frivolous. Thus, for the reasons explained below, Plaintiff's Recast

Complaint [Doc. 7] is **DISMISSED.**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint

and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be

frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks

monetary relief against a defendant who is immune from such relief.[1] Title 28 U.S.C. §

1915(e) "accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless."[2] A complaint is "frivolous" if "it lacks an arguable basis either in law or

in fact."[3] Dismissals on this ground should only be ordered when legal theories are

"indisputably meritless,"[4] or when the claims rely on factual allegations that are "clearly

baseless."[5] "Clearly baseless" factual allegations include those that are "fanciful,"

"fantastic," and "delusional."[6]

Upon review of Plaintiff's Recast Complaint, the Court concludes Plaintiff's claims

are legally frivolous and indisputably meritless. Plaintiff's Recast Complaint contains

few, if any, factual allegations. Plaintiff claims that "Respondent(s) as public servants are

to administer the full faith and credit entitled to be given in all public Acts, Records, and

judicial Proceedings, on behalf of the official public United States Person Trust, under

Georgia Department of Human Services . . ."[7] Plaintiff alleges that "the Respondent(s) are

---

[1] 28 U.S.C. § 1915(e)(2)(b).

[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[4] *Id.*

[5] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

[6] *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

[7] Recast Complaint [Doc. 7 at 2].

the equitable owner (as Beneficiaries) and are entitled to the tax rate revenue or income from the trust property, not the principal itself . . ."[8] Plaintiff requests that "federal and state agencies, and all persons or legal entities acting under their authority and direction be enjoined and restrained from[:]" (1) mispresenting Plaintiff "as a personal identifier, for creditworthiness[,]" (2) using his birth certificate as identification, and (3) interfering with Plaintiff's right to "enjoy full intangible rights of honest service to negotiable monetary instruments[.]" These allegations have no arguable basis in either law or fact, and Plaintiff was already given an opportunity to amend. For the foregoing reasons, Plaintiff's Recast Complaint [Doc. 7] is **DISMISSED**.

       **SO ORDERED,** this 15th day of October, 2024.

                        s/ C. Ashley Royal_____
                        C. ASHLEY ROYAL, SENIOR JUDGE
                        UNITED STATES DISTRICT COURT

---

[8] Doc. 7 at 2.